IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00333-BNB

HENRY LEON MADISON,

    Plaintiff,

v.

VOLUNTEERS OF AMERICA,
SUNSET PARK APARTMENTS,
DIANN KUNZ,
ROYA ROSADO,
LINDA FULKA,
DENVER COUNTY COURT, in it [sic] official capacity,
MATTHEW M. MCCONVILLE, in his official and personal capacities,
CECILIA ZAPATA, in her official and personal capacities,
SUZANNE RAZOOK, in her official and personal capacities,
MARK TSCHELLER, in his official and personal capacities, and
LARRY L. BOHNING, in his official and personal capacities,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    This action was initiated by Henry Leon Madison, who submitted a Complaint and a Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 on February 8, 2012. Mr. Madison has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Madison is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons discussed

below, Mr. Madison will be directed to file an Amended Complaint that complies with the Court's directives.

In the Complaint, Mr. Madison appears to assert two claims, although the claims each contain many different "counts" against different defendants. Because of the way Mr. Madison has organized the Complaint, his claims are confusing and difficult to read. In general, Mr. Madison asserts that Defendants Volunteers of America (VOA), Sunset Park Apartments (SPA), Dianne Kunz, Roya Rosado, and Linda Fulka (collectively, the "VOA Defendants") conspired with Defendants Denver County Court (DCC), Matthew M. McConville, Suzanne Razook, Mark Tscheller and Judge Larry L. Bohning (collectively, the "DCC Defendants") in order to deprive Plaintiff of his constitutional rights. Mr. Madison asserts that he is a 64-year old, African-American veteran who suffers from the disability of Post Traumatic Stress Disorder (PTSD), which causes memory loss and disorientation and requires him to be heavily medicated. Mr. Madison alleges that he found housing at SPA on March 1, 2006, and he then notified SPA that his disability would make it nearly impossible for him to pay rent on time. Mr. Madison asserts that the VOA Defendants accommodated his disability for five years by allowing him to pay his rent late or providing him with reminders.

Mr. Madison alleges that he notified the VOA Defendants when he was unable to pay his rent in September of 2011, and they agreed to accept rent for September and October on October 1, 2011. However, on October 1, 2011, he alleges that he attempted to pay rent and the VOA Defendants informed him that the rent would not be accepted and his tenancy was being terminated.

Next, Mr. Madison alleges that an eviction proceeding was filed against him by the VOA Defendants in the District Court for the City and County of Denver in Case No. 2011C72302. Mr. Madison alleges that he filed a counterclaim and jury demand that was suppressed by the DCC Defendants. He further alleges that the DCC Defendants refused to provide any reasonable accommodations for his disability. He asserts that a trial in his state court case was held on October 12, 2011, and that the Denver court refused to acknowledge that it lacked jurisdiction to hear his case. Mr. Madison asserts that he was forced to settle the case, and that he agreed to vacate the SPA premises by November 13, 2011. He further asserts that the VOA Defendants filed an eviction report against him and unlawfully turned his account over to a collection service. Mr. Madison asserts that the above actions have violated his rights pursuant to the Fair Housing Act (FHA), Title II of the Americans with Disabilities Act (ADA), the Rehabilitation Act, and 42 U.S.C. § 1983.

As a preliminary matter, it appears that Mr. Madison's claims challenging actions taken by the DCC Defendants during the course of the state court action are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine precludes "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). The doctrine applies when the Plaintiff alleges "an injury that is 'inextricably intertwined' with a state court decision, such that success in the federal court would require overturning the state

court decision." *See Epps v. Creditnet, Inc.,* 320 F.3d 756, 758-59 (7th Cir. 2003) (citations omitted).  Plaintiff essentially asks this Court to determine that the state court's determinations during the eviction proceeding were incorrect and to award him damages, in contravention of the *Rooker-Feldman* doctrine.  Mr. Madison is cautioned that he may not assert any claims which challenge the constitutionality of the state court eviction proceeding in this action.

      The Court further finds that Mr. Madison's complaint fails to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

      Mr. Madison fails to provide a short and plain statement of his claims showing that he is entitled to relief.  Instead, his claims are repetitive, verbose, and confusing.

Neither the Court nor the defendants are required to guess in order to determine the claims Mr. Madison is asserting.  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Mr. Madison will be directed to file an amended complaint in accordance with the directives outlined above.  Mr. Madison is directed that in order "to state a claim in federal court, a complaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant' s action harmed him [ ]; and, what specific legal right [Mr. Madison] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).   Accordingly, it is

ORDERED that Plaintiff, Henry Leon Madison, file, **within thirty (30) days from the date of this order**, an amended complaint that asserts proper claims and complies with Rule 8 of the Federal Rules of Civil Procedure.  It is

FURTHER ORDERED that Mr. Madison shall obtain the Court-approved complaint form, along with the applicable instructions, at www.cod.uscourts.gov for use in filing the amended complaint.  It is

FURTHER ORDERED that if Plaintiff fails within the time allowed to file an amended complaint that complies with this order to the Court's satisfaction, the complaint and the action will be dismissed without further notice.

DATED February 29, 2012, at Denver, Colorado.

                                            BY THE COURT:

                                            s/ Boyd N. Boland
                                            United States Magistrate Judge