IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00333-BNB

HENRY LEON MADISON,

    Plaintiff,

v.

VOLUNTEERS OF AMERICA,
SUNSET PARK APARTMENTS,
DIANN KUNZ,
ROYA ROSADO,
LINDA FULKA,
DENVER COUNTY COURT, in its official capacity,
MATTHEW M. MCCONVILLE, in his official capacities,
JANE DOE 1, in her official capacities,
SUZANNE RAZOOK, in her official capacities,
MARK TSCHELLER, in his official and personal capacities, and
LARRY L. BOHNING, in his official and personal capacities,

    Defendants.

_____

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND A MAGISTRATE JUDGE

_____

On February 8, 2012, Plaintiff, Henry Leon Madison, a resident of Denver,

Colorado, submitted a *pro se* Complaint and Motion and Affidavit for Leave to Proceed

Pursuant to 28 U.S.C. § 1915.  He has been granted leave to proceed *in forma pauperis*

pursuant to § 1915.

On February 29, 2012, Magistrate Judge Boyd N. Boland reviewed the Complaint

and determined that it was deficient.  Specifically, Magistrate Judge Boland found that

the Complaint failed to comply with Rule 8 of the Federal Rules of Civil Procedure.

Therefore, Mr. Madison was directed to file an Amended Complaint, which he submitted to the Court on March 27, 2012.

The Court must construe liberally the March 27 Amended Complaint because Mr. Madison is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants.  *See id.*

Mr. Madison asserts claims under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12132; the Fair Housing Amendments Act of 1988 (FHAA), 42 U.S.C. § 3604(f)(1); Sections 501 and 505 of the Rehabilitation Act of 1973; and 42 U.S.C. § 1983.  In general, Mr. Madison asserts that Defendants Volunteers of America (VOA), Sunset Park Apartments (SPA), Dianne Kunz, Roya Rosado, and Linda Fulka (collectively, the "VOA Defendants") conspired with Defendants Denver County Court (DCC), Matthew M. McConville, Jane Doe 1, Suzanne Razook, Mark Tscheller and Judge Larry L. Bohning (collectively, the "DCC Defendants") in order to deprive Plaintiff of his constitutional rights.  Mr. Madison asserts that he is a 64-year old African-American veteran who suffers from the disability of Post Traumatic Stress Disorder (PTSD), which causes memory loss and disorientation and requires him to be heavily medicated.  Mr. Madison alleges that he found housing at SPA on March 1, 2006, and he then notified SPA that his disability would make it nearly impossible for him to pay

rent on time.  Mr. Madison asserts that the VOA Defendants accommodated his disability for five years by allowing him to pay his rent late or providing him with reminders.

Mr. Madison alleges that he notified the VOA Defendants when he was unable to pay his rent in September 2011, and they agreed to accept rent for September and October on October 1, 2011.  However, on October 1, 2011, he alleges that he attempted to pay rent, and the VOA Defendants informed him that the rent would not be accepted and his tenancy was being terminated.

Mr. Madison alleges that an eviction proceeding was filed against him by the VOA Defendants in the District Court for the City and County of Denver in Case No. 2011C72302.  Mr. Madison alleges that he filed a counterclaim and jury demand that was suppressed by the DCC Defendants.  He further alleges that the DCC Defendants refused to provide any reasonable accommodations for his disability.  He asserts that a trial in his state court case was held on October 12, 2011, and that the Denver court refused to acknowledge that it lacked jurisdiction to hear his case.  Mr. Madison asserts that he was forced to settle the case and that he agreed to vacate the SPA premises by November 13, 2011.  Mr. Madison asserts that the above actions have violated his rights pursuant to the Fair Housing Act (FHA), Title II of the Americans with Disabilities Act (ADA), the Rehabilitation Act, and 42 U.S.C. § 1983.  He seeks damages as relief.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.  The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings.  *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988).  "The party

seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the Amended Complaint filed in this action and finds that the Court lacks subject matter jurisdiction over Claims Two and Three.  In his second and third claims, Mr. Madison asserts that allegedly discriminatory practices by the DCC Defendants deprived him of his right to a fair trial and led to a "false untrue FED judgment" entered against him by Defendant Judge Larry L. Bohning.  Amended Complaint at 14.

Mr. Madison may not challenge the Denver District Court eviction proceeding in this action.  This is because the *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments.  *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).  The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.").  Review of the state court judgment must proceed to the state's highest

4

court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257.  *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars cases seeking direct review of state court judgments and cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16.  "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks."  *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004).  "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment."  *Id*. at 1148.  Furthermore, the *Rooker-Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts."  *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

In his second and third claims, Mr. Madison challenges the judgment entered against him in Denver District Court Case No. 2011C72302.  Review of his claims would require this Court to review the state court judgment.  Therefore, the Court finds that claims Two and Three must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.  *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).  Defendants Denver County Court, Matthew M. McConville, Jane Doe 1, Suzanne Razook, Mark Tscheller and Larry L. Bohning will also be dismissed as parties to this action, because the Court lacks subject matter jurisdiction over the claims asserted against them.

In addition, the Court also notes that Defendant Judge Larry L. Bohning is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). The Defendant Judge's involvement in Mr. Madison's state court proceeding are actions taken in his judicial capacity, and there is no indication that this state court judge was acting in the clear absence of all jurisdiction. Therefore, the claims Mr. Madison asserts against Judge Bohning are also barred by absolute judicial immunity.

After review pursuant to D.C.COLO.LCivR 8.2C, the Court has determined that Mr. Madison's first claim, asserted against Defendants Volunteers of America, Sunset Park Apartments, Diann Kunz, Roya Rosado and Linda Fulka, does not appear to be appropriate for summary dismissal and that the case should be drawn to a district judge and to a magistrate judge. *See* D.C.COLO.LCivR 8.2D. Accordingly, it is

ORDERED that Defendants Denver County Court, Matthew M. McConville, Jane Doe 1, Suzanne Razook, Mark Tscheller and Larry L. Bohning are dismissed as parties to this action. It is

FURTHER ORDERED that claims two and three are dismissed for lack of subject matter jurisdiction. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this _5th_ day of ___April_____, 2012.

BY THE COURT:


   s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court