IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00333–REB–KMT

HENRY LEON MADISON,

    Plaintiff,

v.

VOLUNTEERS OF AMERICA,
SUNSET PARK APARTMENTS,
DIANN KUNZ,
ROYA ROSADO, and
LINDA FULKA,

    Defendants.

# ORDER

This matter is before the court on Plaintiff's "Motion to Reconsider Plaintiff's Second and Third Claims for Releif [sic] Set Forth in His Amended Complaint and Jury Demand" (Doc. No. 15, filed April 25, 2012).

Under Tenth Circuit case law,

> [g]enerally, a "motion for reconsideration, not recognized by the Federal Rules of Civil Procedure, *Clough v. Rush*, 959 F.2d 182, 186 n.4 (10th Cir. 1992), may be construed in one of two ways: if filed within 10 days of the district court's entry of judgment, it is treated as a motion to alter or amend the judgment under Rule 59(e); if filed more than 10 days after entry of judgment, it is treated as a motion for relief from judgment under Rule 60(b)." *Computerized Thermal Imaging, Inc. v. Bloomberg, L.P.*, 312 F.3d 1292, 1296 n.3 (10th Cir. 2002). In addition, "every order short of a final decree is subject to reopening at the discretion of the district judge." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 [ ](1983); *see also* Fed. R. Civ. P. 54(b).

*Price v. Philpot*, 420 F.3d 1158, 1167 n.9 (10th Cir. 2005).  A district court has discretion to revise interlocutory orders before the entry of a final judgment.  *See Trujillo v. Bd. of Educ. of the Albuquerque Pub. Schs.*, 212 F. App'x 760, 765 (10th Cir. 2007).

To determine the propriety of reconsideration under Rule 54(b), courts apply the legal standards applicable to a Rule 59(e) motion to alter or amend a judgment.  *Tomlinson v. Combined Underwriters Life Ins. Co.*, 684 F. Supp. 2d 1296, 1299 (N.D. Okla. 2010); *Sump v. Fingerhut, Inc.*, 208 F.R.D. 324, 326–27 (D. Kan. 2002) (citing *Renfro v. City of Emporia*, 732 F. Supp. 1116, 1117 (D. Kan. 1990)).  "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Servants of Paraclete*, 204 F.3d at 1012 (citation omitted).  However, a motion for reconsideration is an "inappropriate vehicle[ ] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion."  204 F.3d at 1012.  In addition, "arguments raised for the first time in a motion for reconsideration are not properly before the court and generally need not be addressed."  *United States v. Castillo-Garcia*, 117 F.3d 1179, 1197 (10th Cir. 1997).  A district court has considerable discretion in ruling on a motion to reconsider.  *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

Here, Plaintiff fails to assert any of the grounds warranting a motion to reconsider. *See Servants of Paraclete*, 204 F.3d at 1012.  Rather, Plaintiff simply "re-asserts" the Second and Third Claims for relief.  (*See* Mot. at 3–8.)  Thus, Plaintiff's Motion to Reconsider fails.

It appears that rather than seeking reconsideration of Judge Babcock's Order to Dismiss in Part and to Draw Case to a District Judge and a Magistrate Judge (Doc. No. 7), Plaintiff wishes to amend his complaint to reassert his Second and Third Claims for Relief.  The Federal Rules of Civil Procedure provide that a party may amend a pleading by leave of court, and that leave shall be given freely when justice so requires.  Fed. R. Civ. P. 15(a).  Although the federal rules permit and require liberal construction and amendment of pleadings, the rules do not grant the parties unlimited rights of amendment.  A motion to amend may be denied on the grounds of undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

When seeking leave of the court to amend a complaint, the motion to amend must detail the proposed amendments and the reasons why such amendments are necessary.  In addition, the plaintiff must attach the proposed amended complaint to the motion.  The proposed amended complaint must stand alone; it must contain <u>all</u> of the plaintiff's claims.  Here, the plaintiff does not detail how he wishes to amend the previously-asserted claims, nor does he attach a proposed amended complaint to his motion.  As a result, it is impossible to determine if the proposed amendment is permissible.  Therefore, it is

**ORDERED** that Plaintiff's "Motion to Reconsider Plaintiff's Second and Third Claims for Releif [sic] Set Forth in His Amended Complaint and Jury Demand" (Doc. No. 15) is

DENIED. To the extent Plaintiff seeks to amend his complaint, he must file a proper motion as set forth above.

Dated this 8th day of May, 2012.

BY THE COURT:

*[signature]*

Kathleen M. Tafoya
United States Magistrate Judge