IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12–cv–00333–REB–KMT

HENRY LEON MADISON,

    Plaintiff,

v.

VOLUNTEERS OF AMERICA,
SUNSET PARK APARTMENTS,
DIANN KUNZ,
ROYA ROSADO, and
LINDA FULKA,

    Defendants.

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on "Defendants' Sunset Park Apartments, Dianna Kunz, Roya Roado, and Linda Fulks [sic] Motion to Dismiss Pursuant to FRCP 12(B)6 [sic]" (Doc. No. 24 [SPA's Mot.], filed May 18, 2012) and "Defendant Volunteers of America, Inc.'s Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 27 [VofA's Mot.], filed June 5, 2012).

## FACTUAL BACKGROUND

Plaintiff Madison states that on or about March 1, 2006, he signed a lease and moved into an apartment at the Sunset Park Apartments located at 1865 Larimer Street in Denver. (Am. Compl. [Doc. No. 6, filed March 27, 2012], ¶ 8.) Defendant Sunset Park Apartments ("SPA") is a Colorado limited partnership. (*Id.* at 3, ¶ 2.) Volunteers of America Colorado has contractual

responsibility for operating the Sunset Park Apartments. (VofA's Mot. at 3.) Volunteers of America Colorado initiated an unlawful detainer action in County Court for Denver County, Colorado, captioned *Volunteers of America v. Henry Madison*, Case No. 11C72302[1] (the "County Court Action").[2] (Am. Compl., ¶ 10 [acknowledging that Madison had been served with a copy of the Complaint in the County Court Action].) Accordingly, Madison's Amended Complaint asserts factual allegations against "Volunteers of America" as the entity that previously evicted him from the Sunset Park Apartments.

On October 5, 2011, Madison filed an Answer and a Counterclaim in the County Court Action against "Plaintiff's [sic] Volunteers of America [Colorado]; Sunset Park Apartments; and their agents; Linda Fulka and Shannon Dickey." (Am. Compl. at 28.) Madison's Counterclaims included claims for: (1) Breach of Contract; (2) Violations of the Fair Housing Act ("FHA") and American's with Disabilities Act ("ADA"); and (3) Punitive Damages. (*Id.* at 28–29.) The County Court Action was set for trial on October 12, 2011. (Am. Compl., ¶ 16.) Rather than proceed to trial, the parties entered into a settlement stipulation and waiver agreement on

---

[1] At any stage of the proceedings the court may take judicial notice of a fact which is not subject to reasonable dispute, a requirement that is satisfied if the fact is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "[F]acts subject to judicial notice may be considered in a Rule 12(b)(6) motion without converting the motion to dismiss into a motion for summary judgment . . . . This allows the court to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (citations omitted). Here, the court takes judicial notice of the County Court Action records attached to the Amended Complaint and briefing on the motions to dismiss.

[2] Because Mr. Madison is a plaintiff in this action and was the defendant in the County Court action, to avoid confusion the court hereafter will refer to him as "Madison."

2

October 12, 2011.  (Am. Compl. at 33 [Stipulation]; SPA Mot., Ex. 1.)  The terms of the Stipulation were, as follows:

> (1) Defendant [Madison] confesses judgment for possession.  Writ of restitution to issue in 28 hours.  There shall be no sheriff's moveout prior to Nov 14, 2011.
> (2) Defendant [Madison] shall vacate premises and turn in keys by Nov 13, 2011. Plaintiff [Volunteers of America Colorado] will vacate possession issue if Defendant complies.
> (3) Defendant's [Madison] counterclaims are dismissed with prejudice.  Defendant [Madison] waives all claims, whether known or unknown, against Plaintiff [Volunteers of America Colorado] and its agents and employees related to Defendant's [Madison] tenancy, including but not limited to claims for housing discrimination under the Fair Housing Act and ADA.

(*Id.*)  The Stipulation was executed by Madison and by Volunteers of America Colorado's attorney.  (*Id.*)

## PROCEDURAL HISTORY

On February 8, 2012, Madison filed his initial Complaint. (Doc. No. 1.)  On February 29, 2012, Magistrate Judge Boyd N. Boland ordered Madison to file an amended complaint citing, *inter alia*, Madison's failure to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  (Doc. No. 5.)  On March 27, 2012, Madison filed his Amended Complaint.  (Am. Compl.)  Madison asserts claims against SPA and VofA for violations of the FHA, the ADA, the Rehabilitation Act, and for punitive damages.  (*Id..*)

The SPA defendants filed their Motion to Dismiss on May 18, 2012.  (SPA's Mot.) Defendant VofA filed its Motion to Dismiss on June 5, 2012.  (VofA Mot.)  Madison filed one response to both motions on September 17, 2012.  (Doc. No. 38 [Resp.].)  The defendants filed

separate replies on October 4, 2012. (Doc. No. 43 [VofA's Reply]; Doc. No. 44 [SPA's Reply].) These motions are ripe for review and recommendation.

## STANDARD OF REVIEW

### 1. Pro Se *Plaintiff*

Plaintiff is proceeding *pro se*. The court, therefore, "review[s] his pleadings and other papers liberally and hold[s] them to a less stringent standard than those drafted by attorneys." *Trackwell v. United States*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citations omitted). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding allegations of a *pro se* complaint "to less stringent standards than formal pleadings drafted by lawyers"). However, a *pro se* litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged, or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). *See also Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir. 1997) (court may not "supply additional factual allegations to round out a plaintiff's complaint"); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (the court may not "construct arguments or theories for the plaintiff in the absence of any discussion of those issues"). The plaintiff's *pro se* status does not entitle him to application of different rules. *See Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002)

*2.     Failure to State a Claim Upon Which Relief Can Be Granted*

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1198 (10th Cir. 1991). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely conclusory. *Id*. at 1949–51. Second, the Court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 1951. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 1950.

Notwithstanding, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc., v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1940. Moreover, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does the complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Iqbal*, 129 S. Ct. at 1949 (citation omitted).

## ANALYSIS

### 1.    *Failure to State a Claim Against Defendant Volunteers of America*

Defendant VofA argues that Madison has alleged no facts pertaining to it, and therefore his claims against Defendant VofA must be dismissed. (VofA Mot. at 5–6; VofA Reply at 5.)

Madison asserts claims against Defendant Volunteers of America, which he has described as a "Foreign Nonprofit Corporation." (Am. Compl. at 1, 3.) Madison lists the address for the Registered Agent for service as "1560 Broadway Suite 2090, Denver, CO 80202." (*Id.* at 3.) Defendant VofA argues that "the entity named as a defendant in this proceeding is an entity separate and distinct from the one which previously brought eviction proceedings against [Madison] - Volunteers of America Colorado - and to which the factual

6

allegations contained in the Amended Complaint pertain." (VofA Mot. at 2.) Defendant VofA also asserts that it is a New York corporation that "had no involvement in, or connection to, the facts alleged in the Amended Complaint." (*Id.*)

It is undisputed that Defendant VofA was served at the address listed in Madison's Amended Complaint. Moreover, in his response to VofA's motion, Madison does not concede he served the incorrect defendant; rather, he argues that Defendant VofA failed to move for dismissal for improper service, and that "they readily admit to being the entity that [was] intended to be service [sic], that they received the Amended Complaint and has responded to said Amended Complaint . . . ." (Resp., ¶ 1.) Upon a review of the Amended Complaint, Madison does not allege any specific identifying characteristics about Defendant Volunteers of America that would distinguish VofA of New York from Volunteers of America Colorado. (*See* Am. Compl.) Moreover, Defendant VofA fails to attach any evidence that it is not the correct defendant, and, even if it had, the court would not be able to consider such evidence on a motion to dismiss.[3] Thus, despite Defendant VofA's assertions that it is not the correct defendant, because Madison has generically asserted claims against "Volunteers of America," this court finds Madison has stated claims against the defendant.

Defendant VofA's motion to dismiss for failure to state a claim against it is properly denied.

---

[3] Under Fed. R. Civ. P. 12(d), "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."

## 2.    *Res Judicata*

The defendants assert that this case is barred by the doctrine of *res judicata*. Though sometimes used to refer to the narrower concept of claim preclusion, *res judicata* traditionally subsumes both claim preclusion and issue preclusion, which is sometimes called collateral estoppel. *See e.g. Carter v. City of Emporia*, 815 F.2d 617, n.2 (10th Cir. 1987). The Tenth Circuit has stated:

> The doctrines of *res judicata*, or claim preclusion, and collateral estoppel, or issue preclusion, are closely related. *Res judicata* generally applies when there is a final judgment on the merits which precludes the parties or their privies from relitigating the issues that were decided or issues that could have been raised in the earlier action. A claim is barred by *res judicata* when the prior action involved identical claims and the same parties or their privies. Collateral estoppel, however, does not always require that the parties be the same. Instead, collateral estoppel requires an identity of issues raised in the successive proceedings and the determination of these issues by a valid final judgment to which such determination was essential.

*Frandsen v. Westinghouse Corp.*, 46 F.3d 975, 978 (10th Cir. 1995) (internal citations and quotations omitted). "Both doctrines require that the party or parties against whom the earlier decision is asserted had a full and fair opportunity to litigate the claim or issue." *SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1520 (10th Cir. 1990) (citing *Kremer v. Chemical Constr. Corp.*, 456 U.S. 461, 481 n.22 (1982)).

Pursuant to 28 U.S.C. § 1738, the preclusive effect of a state-court decision in federal court is determined by the preclusion law of the state in which the judgment was rendered. *Nichols v. Board of Cnty. Comm'rs*, 506 F.3d 962, 967 (10th Cir. 2007). Plaintiff's prior case took place in Colorado. Under Colorado law, "[c]laim preclusion works to preclude the

relitigation of matters that have already been decided as well as matters that could have been raised in a prior proceeding but were not." *Argus Real Estate, Inc. v. E–470 Pub. Highway Auth.*, 109 P.3d 604, 608 (Colo. 2005). Thus, to determine whether claim preclusion applies, the court looks at the "(1) finality of the first judgment, (2)[the] identity of [the] subject matter, (3) [the] identity of [the] claims for relief, and (4)[the] identity or privity between [the] parties to the actions."[4] *Id.*

One of the main policy considerations underlying *res judicata* is the interest in bringing litigation to an end. *Nwosun v. General Mills Restaurants, Inc.*, 124 F.3d 1255, 1258 (10th Cir. 1997); *B-S Steel of Kansas, Inc. v. Texas Industries, Inc*., 327 F. Supp. 2d 1252, 1258 (D. Kan. 2004). The final "judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever." *C.I.R. v. Sunnen*, 333 U.S. 591, 597 (1948). *See Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 375, 378 (1940); *John v. United States,* 77 Fed. Cl. 788, 818 (Fed. Cl. 2007). "By preventing repetitious litigation, application of *res judicata* avoids unnecessary expense and vexation for parties, conserves judicial resources, and encourages reliance on judicial action." *Nwosun*, 124 F.3d at 1258.

---

[4]Federal law has almost identical requirements concerning the application of claim preclusion in the Tenth Circuit and requires: "(1) a judgment on the merits in the earlier action; (2) identity of the parties or their privies in both suits; and (3) identity of the cause of action in both suits." *Yapp v. Excel Corp*., 186 F.3d 1222, 1226 (10th Cir. 1999).

### *i.     Final Judgment on the Merits*

Defendants argue that the Stipulation entered into by the parties in the County Court Action is a final judgment on the merits. Madison argues the Stipulation is insufficient to bar his claims pursuant to *res judicata* because the Stipulation is "not a court order , nor a final court; it does not attempt to show that the issuers [sic] raised in Mr. Madison's counterclaim has ever been adjudicated." (Resp., ¶ 6.)

Dismissal of a case based on a decision of the merits of the case constitutes a final judgment and will be given preclusive effect. *See Batterman v. Wells Fargo Ag Credit Corp.*, 802 P.2d 1112, 1118 (Colo. App. 1990); *Clark v. Haas Group, Inc.*, 953 F.2d 1235, 1239 (10th Cir. 1992). Thus, "[a] dismissal with prejudice does not circumvent the limitations of *res judicata*. . . . The plaintiff is barred from future litigation of the same issues to the same extent as would be the case if he had proceeded to adverse judgment." *Groundwater Appropriators of South Platte River Basin, Inc. v. City of Boulder*, 73 P.3d 22, 25–26 (Colo. 2003). The same rule applies when a suit is settled and then dismissed "with prejudice" by court order. *See, e.g., Lawlor v. National Screen Serv. Corp.*, 349 U.S. 322, 324, 327 (1955). *See also Brooks v. Barbour Energy Corp.*, 804 F.2d 1144, 1146 (10th Cir. 1986) (finding a "voluntary dismissal with prejudice upon an order of the court, based on [a] settlement agreement . . . should be considered a judgment on the merits because it was entered pursuant to a settlement that resolved the substance of the disputed claims.")

Here, the parties in the County Court Action filed a Stipulation, agreeing that Madison's counterclaims would be dismissed with prejudice. (Am. Compl. at 33; SPA Mot., Ex. 1.) The

Stipulation includes a section entitled "Order" that states, "The above Stipulation is made of this Court on this 12th day of October, 2011."[5] (*Id.*) The Stipulation and Order is signed by the county court judge and bears the court's seal. (*Id.*) Thus, this court finds that the county court judgment is final, and this element of *res judicata* is satisfied.

### ii. *Subject Matter*

The subject matter at issue here and in the County Court Action are nearly identical. In the County Court Action, Madison asserted that he was a 66-year-old disabled veteran who had been admitted to the hospital. (Am. Compl. at 27.) He stated he was "prevented" from paying his rent because of his disability, a hospitalization, and a death in the family. (*Id.* at 27–28.) He alleges that the defendants agreed to allow him to pay his rent late, but that when he went to the office to pay he was informed it was too late. (*Id.* at 28.) Madison alleged the defendants failed to make reasonable accommodations for his disability and to allow him to pay his rent late. (*Id.* at 29.)

In this case, Madison alleges he is a 65-year-old disabled veteran who suffers from Post Traumatic Stress Disorder. (*Id.* at 5, ¶ 6.) He alleges in 2001, he was in the VA Hospital for a period of eight weeks and suffered a death of a family member. (*Id.* at 6, ¶ 9.) He states these events caused him to fall a month behind on his rent, but the defendants agreed he could pay his

---

[5]The court notes that Madison, sometime between August 30, 2012, and September 14, 2012–months after the defendants filed their motions to dismiss in this case–filed with the county court a "Motion to Withdraw or Counterclaim." (VofA's Reply at 6–8.) The county court judge that Madison voluntarily entered a stipulation on October 14, 2011, in court, and the court dismissed his counterclaim at that time. (*Id.* at 6, 9.) Thus, Madison cannot avoid *res judicata* with this attempt to withdraw his claims in county court after filing his claims in this court.

rent late. (*Id.*, ¶¶ 9–10.)  He later was served with a SPA's Complaint, and when he went to pay his rent, he allegedly was told it was too late and his tenancy was being terminated. (*Id.*, ¶¶ 10–11.)  He alleges he was discriminated against by the defendants, who owed him a "fiduciary duty . . . to be truthful with him, and to look-out for his best interest, [and] not to play mental games of deception with him." (*Id.*, ¶ 11.)

Because the subject matter of both the County Court Action and the federal action involve Madison's tenancy and eviction from SPA, this court finds that subject matter element of *res judicata* is satisfied.

### iii.   *Identity of Claims*

In his Amended Complaint, Madison asserts claims for the defendants' alleged violations of the FHA, Title II of the ADA, the Rehabilitation Act, and for punitive damages. (*Id.* at 12–14.)  In his County Court Action, Madison asserted claims for the Fair Housing Amendments Act ("FHAA")[6], the ADA, and for punitive damages.[7]  (*See id.* at 28–19.)  Thus, because Plaintiff asserted the same claims he asserts here in his County Court Action, his claims satisfy the third element of *res judicata*.

### iv.   *Identity of Parties*

In Madison's County Court Action, he asserted claims against Volunteers of America, SPA and "their agents," as well as Linda Fulka, and Shannon Dickey. (Am. Compl. at 28.)  In

---

[6]The Fair Housing Act, Title VIII of the Civil Rights Act of 1968, was amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3601–3619.

[7]In his County Court Action, Madison also asserted a claim for breach of contract, which he does not assert in this case. (*Id.*)

this case, Madison has not named Shannon Dickey as a defendant but has named Defendants Kunz and Rosado. (*Compare* Am. Compl. at 1 *with* Am. Compl. at 28.)

A prerequisite to a finding of *res judicata* in this action is a finding that the defendants named in this action and the parties against whom Madison asserted claims in the County Court Action are in privity. *See Frandsen*, 46 F.3d at 978. In the Tenth Circuit, the issue of whether privity exists is a question of fact. *Lowell Staats Mining Co., Inc. v. Philadelphia Elec. Co.*, 878 F.2d 1271, 1276 (10th Cir. 1989). "There is no definition of 'privity' which can be automatically applied to all cases involving the doctrines of *res judicata* and collateral estoppel. Privity requires, at a minimum, a substantial identity between the issues in controversy and showing the parties in the two actions are really and substantially in interest the same." *Id.* at 1275.

An identity of the parties exists as to Defendants SPA and Fulka, who were parties in the County Court Action. Thus, these defendants easily meet this element of *res judicata*. However, the court must determine whether Defendants Kunz and Rosado are privies to the parties in the previous action.

Under Colorado law, " '[p]rivity between a party and a non-party requires both a substantial identity of interests and a working or functional relationship . . . in which the interests of the non-party are presented and protected by the party in the litigation.' "[8] *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen*, 296 F.3d 982, 987 (10th Cir. 2002) (quoting *Cruz v. Benine*,

---

[8]"Federal law also incorporates state law when, as with the concept of privity, the issue is more distinctively substantive." *Hartsel Springs Ranch*, 296 F.3d at 986 (quoting *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1333 (10th Cir. 1998)).

984 P.2d 1173, 1176 (Colo. 1999)). Here, based on the allegations of the Amended Complaint, there clearly is an identity of interest and a working or functional relationship between Defendants Kunz and Rosado in this case and the defendants against whom Madison asserted claims in his County Court Action. Plaintiff alleges Defendant Kunz is the "Director of VOA Denver and supervisor of the SPA Managers." (Am. Compl., ¶ 12.) Plaintiff alleges Defendant Rosado is a manager of SPA. (*Id.*, ¶ 9.) Plaintiff alleges he contacted Defendants Kunz and Rosado, along with Defendant Fulka, in an attempt to make an accommodation for rent he had failed to pay. (*Id.*, ¶¶ 10–13, 23.) The court finds that, as employees of SPA, Defendants Kunz and Rosado had a substantial identity of interests and a working of functional relationship in which their interests were presented and protected by SPA in the County Court Action. *Cruz*, 984 P.2d at 1176. Therefore, this element of *res judicata* also is satisfied as to Defendants Kunz and Rosado.

As discussed above, however, Defendant VofA argues it "had no involvement in, or connection to, the facts alleged in the Amended Complaint." (VofA Mot. at 2.) Thus, argument belies a claim of privity with the Volunteers of America defendant named in the County Court Action, and the federal claims against Defendant VofA should proceed.

Thus, because all of the elements of *res judicata* are satisfied as to Defendants Sunset Park Apartments, Kunz, Rosado, and Fulka, Madison's claims against them are barred and are properly dismissed. However, Madison's claims should proceed as to Defendant Volunteers of America.

**WHEREFORE**, for the foregoing reasons, the court respectfully

**RECOMMENDS** that "Defendants' Sunset Park Apartments, Dianna Kunz, Roya Roado, and Linda Fulks Motion to Dismiss Pursuant to FRCP 12(B)6 [sic]" (Doc. No. 24) be GRANTED; and "Defendant Volunteers of America, Inc.'s Motion to Dismiss, Pursuant to Fed. R. Civ. P. 12(b)(6)" (Doc. No. 27) be DENIED. The court further

**RECOMMENDS** that the District Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this recommendation would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). Thereafter, if Plaintiff files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days of the court's final order in accordance with Fed. R. App. P. 24.

**ADVISEMENT TO THE PARTIES**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the district court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to make timely objections may bar *de novo* review by the district judge of the magistrate judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at 1059-60 (a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 5th day of February, 2013.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge